UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　:
　UNITED STATES OF AMERICA　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　　　25 Crim. 285 (LGS)
　　　　　　　-against-　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　　　　ORDER
　JERROD LLOYD,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendant. :
----------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in an Indictment dated June 23, 2025, Defendant Jerrod Lloyd was charged with one count of possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). According to the Complaint sworn to by a New York City Police Detective, Defendant previously was convicted of attempted robbery in the second degree, a class D felony under New York law, in 1999; attempted criminal possession of a controlled substance in the third degree, a class C felony under New York law, in 2010; and terroristic threats and theft by unlawful taking or disposition, both felonies under New Jersey law, in 2022. Defendant moves to dismiss the Indictment on the ground that his prosecution under § 922(g) violates the Second Amendment to the United States Constitution.

WHEREAS, Defendant argues that § 922(g)(1) is unconstitutional facially and as applied to a person with his criminal history because the statute is inconsistent with the United States' historical tradition of firearm regulation. *See New York State Rifle & Pistol Ass'n, v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation survives Second Amendment scrutiny only where the Government meets the burden to show that the law "is consistent with this Nation's historical tradition of firearm regulation"); *accord Zherka v. Bondi*, 140 F.4th 68, 73 (2d Cir. 2025).

WHEREAS, Defendant concedes that binding precedent forecloses his challenges to § 922(g)(1).  With respect to Defendant's facial challenge, the Second Circuit's decision in *Zherka* is dispositive.  In *Zherka*, the court upheld the facial validity of § 922(g)(1) as consistent with the United States' historical tradition of firearm regulation because that tradition permits disarmament of large classes of people "perceived as dangerous" "based on their status alone." 140 F.4th at 85.  Accordingly, *Zherka* forecloses Defendant's facial challenge.

WHEREAS, Defendant contends that § 922(g)(1) is unconstitutional as applied to him because "the vast majority of his criminal history is for minor misdemeanor offenses," and two of his felony convictions are dated.  *Zherka* casts doubt on whether § 922(g)(1) is susceptible to as-applied challenges, warning that "any effort by the courts to craft a line that would separate some felons from others is fraught with peril." *Id.* at 94.  Even if *Zherka* does not squarely control here and permits Defendant to challenge § 922(g)(1) as applied, its reasoning forecloses Defendant's as-applied challenges.  Disarming people on the basis of "prior conduct, formally admitted or proven beyond a reasonable doubt, that constitutes a serious violation of the law," is consistent with the United States' historical tradition of disarming large classes of people perceived as dangerous even if the violations are dated or minor (as Defendant contends here). *Id.* at 91; *see United States v. Mobley*, No. 25 Crim. 237, 2025 WL 2958824, at *3 (S.D.N.Y. Oct. 17, 2025).  It is hereby

**ORDERED** that Defendant's motion to dismiss the Indictment is **DENIED**.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. 24.

Dated:  December 5, 2025
     New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**
